UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

**JS-6 / REMAND**

| | |
|---|---|
| Case No. **CV 16-8153-DMG (JPRx)** | Date December 16, 2016 |
| Title *Susan Abusamra-Pixler & Charles Pixler v. U-Haul Int'l, Inc., et al.* | Page 1 of 2 |

Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
| None Present | None Present |

**Proceedings:  IN CHAMBERS - ORDER RE PLAINTIFFS' MOTION TO REMAND [13]**

    Before the Court is Plaintiffs Susan Abusamra-Pixler and Charles Pixler's (together, the "Pixlers") Motion to Remand ("MTR") this action to the Los Angeles County Superior Court. [Doc. # 13.]

    On November 2, 2016, Defendant FCA US LLC ("Chrysler") filed a Notice of Removal ("NOR"), asserting that there is complete diversity of citizenship between parties under 28 U.S.C. section 1332(a) despite the fact that the Pixlers filed suit against California citizen Dawn M. Grants Insurance Services, Inc. ("Grants").  NOR at 3–4 [Doc. # 1].  On December 2, 2016, the Pixlers timely filed the instant MTR.  In opposition, Chrysler argues (in part) that Grants is a fraudulently joined defendant whose California citizenship should not defeat diversity.  Opposition at 11–13 [Doc. # 26].

    A joinder is fraudulent when the "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) (internal citation omitted).  The removing party has the burden of proving the existence of fraudulent joinder by "clear and convincing evidence." *Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).  "The defendant must show that 'there is no possibility that the plaintiff could prevail on *any* cause of action it brought against the non-diverse defendant'" and that the "plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (emphasis added) (alteration in original) (quoting *Burris v. AT&T Wireless, Inc.*, No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)); *see also Aguilera v. Target Corp.*, No. EDCV 15-2186-DOC (DTBx), 2015 WL 9093541, at *2 (C.D. Cal. Dec. 16, 2015) ("'If there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint, the federal court cannot find that joinder of the resident defendant was fraudulent, and remand is necessary.'  Framed another way, 'a plaintiff need only have one potentially valid claim against a non-diverse defendant to survive a fraudulent joinder

UNITED STATES DISTRICT COURT **JS-6 / REMAND**
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 16-8153-DMG (JPRx)** | Date | December 16, 2016 |
| Title | *Susan Abusamra-Pixler & Charles Pixler v. U-Haul Int'l, Inc., et al.* | Page | 2 of 2 |

challenge.'" (quoting *Hugais v. Sara Lee Corp.,* NO. C13-2368 THE, 2013 WL 3929141, at *2 (N.D. Cal. July 26, 2013))).

Although Chrysler has demonstrated that established law in this Circuit (and state) would preclude Grants' liability for breach of contract, Opposition at 11 (collecting cases), Chrysler has not shown that the Pixlers would not be given an opportunity to file an amended complaint or that there is no other cause of action upon which they could possibly prevail. As Chrysler itself has pointed out, insurance agencies may be liable to the insured under various theories of California law related to the instant action. *See id.* at 11–12. Accordingly, Chrysler has failed to meet its burden.

The Pixlers' MTR is **GRANTED**. This action shall be remanded to the Los Angeles County Superior Court. The following pending matters are therefore **DENIED** without prejudice as moot: (1) Chrysler's Motion to Dismiss [Doc. # 8], (2) Chrysler's Motion to Sever [Doc. # 9], (3) Defendants Geico General Insurance Company and Government Employees Insurance Company's Motion to Dismiss [Doc. # 16], and (4) the Pixler's *Ex Parte* Application [Doc. # 21].

**IT IS SO ORDERED.**